1  Joseph H. Harrington
2  United States Attorney
   Eastern District of Washington
3  David M. Herzog
   Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**JAN 2 2 2019**

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

7            IN THE UNITED STATES DISTRICT COURT
8            FOR THE EASTERN DISTRICT OF WASHINGTON

9  UNITED STATES OF AMERICA,            No. 2:17-CR-209-SMJ-1
10
                        Plaintiff,      PLEA AGREEMENT
11
12            v.
13
   JUAN VAZQUEZ-GONZALEZ,
14   aka "Alonso,"
15   aka "Adominis goering,"
16                      Defendant.
17

18        Plaintiff, United States of America, by and through Joseph H. Harrington, United
19  States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant
20  United States Attorney for the Eastern District of Washington, and Defendant Juan
21  Vazquez-Gonzalez, also known as ("aka") "Alonso," aka "Adominis goering"
22  ("Defendant"), and Defendant's counsel, Federal Defender Andrea George, agree to the
23  following Plea Agreement:
24        1.    Guilty Plea and Maximum Statutory Penalties:
25        Defendant agrees to waive indictment by the Grand Jury and plead guilty to an
26  Information Superseding Indictment charging Defendant with Travel with Intent to
27  Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). Defendant
28

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 1

understands that the charge contained in the Information Superseding Indictment is a Class B Felony that carries the following potential penalties: a term of incarceration of up to 30 years; a term of supervised release of no less than 5 years and up to a lifetime; a fine not to exceed $250,000; restitution; registration as a sex offender; a mandatory special assessment of $100; and an additional mandatory special assessment of $5,000 absent a judicial finding of indigence.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2.    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maxima stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The United States will seek a sentence no higher than the high end of the United States Sentencing Guidelines range determined by the Court. Defendant will be free to argue for any sentence. The United States and Defendant will each recommend a term of 20 years of supervised release.

3.    Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 2

a.  The right to a jury trial;

b.  The right to see, hear and question the witnesses;

c.  The right to remain silent at trial;

d.  The right to testify at trial; and

e.  The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant also specifically waives Defendant's right to challenge the constitutionality of the statute of conviction.

4.  <u>Effect on Immigration Status:</u>

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Indeed, because Defendant is pleading guilty to a felony child exploitation offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if Defendant's automatic removal from the United States is a virtual certainty.

5.  <u>Elements of the Offense:</u>

The United States and Defendant agree that to convict Defendant of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), the United States would have to prove beyond a reasonable doubt the following:

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 3

a.   *First*, on or about October 18, 2017, within the Eastern District of Washington, Defendant traveled in interstate commerce[1];

b.   *Second*, the dominant, significant, or motivating purpose of Defendant's travel was to engage in illicit sexual conduct, namely, a commercial sex act with a person under 18 years of age.

6.   <u>Factual Basis and Statement of Facts:</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Agreement.

Overview

From August to October 2017, within the Eastern District of Washington, Defendant knowingly attempted to entice a girl he believed to be 13 years old to engage in commercial sex acts, by communicating with her using electronic mail and text messaging that were in and affecting interstate commerce. Defendant offered to give the girl Playstation video games in exchange for sex, which is a commercial sex act under federal law. Defendant took a substantial step in furtherance of his attempt to entice the purported child by travelling in interstate commerce to meet her purported father.

---

[1] The United States need not prove that Defendant travelled across state lines to establish a violation of 18 U.S.C. § 2423(b). First, Defendant traveled on streets and roads regularly used to move persons and goods in interstate commerce. *Wirtz v. Intravaia*, 375 F.2d 62, 64 (9th Cir. 1967). Second, even entirely intrastate commercial sex substantially affects interstate commerce. *See United States v. Todd*, 627 F.3d 329 (9th Cir. 2010). Congress has expressly determined that sex trafficking has a substantial effect on interstate commerce. 22 U.S.C. § 7101(12). The link between sex trafficking and interstate commerce is analogous to the link between interstate commerce and drug trafficking, which Congress may regulate under the Commerce Clause. *United States v. Tisor*, 96 F.3d 370 (9th Cir. 1996).

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 4

On October 18, 2017, Defendant travelled to a Starbucks coffee shop near Gonzaga University in Spokane, Washington, using roads and streets over which persons and goods regularly travel in interstate commerce. Defendant acknowledges that he travelled in interstate commerce for the dominant, significant, or motivating purpose of engaging in illicit sexual conduct with a person under 18 years of age; namely, a commercial sex act with the purported 13-year-old girl.

<u>Defendant's Online Communications With The Purported Girl's Father</u>

Beginning on August 24, 2017, and continuing through October 18, 2017, Defendant, who was in Spokane, Washington, within the Eastern District of Washington, engaged in a series of electronic mail and text communications with a person Defendant knew as "J." "J." purported to be the father of a 13-year-old girl named "K.," but was in fact an undercover law enforcement officer.

On August 24, 2017, "J." posted an online advertisement entitled "fresh and new – m4m" in the "Casual Encounters" section of Craigslist, a well-known forum for arranging sex. The advertisement was for a "14 year old blue bicycle for sale" that was in "great condition" and had "only been ridden one time." Defendant responded to the advertisement that same day, using the Craigslist email anonymizer and the username "Adominis goering." In an email chain entitled "tell me about that bicycle?", Defendant and "J." exchanged a number of coded communications; Defendant acknowledges that he was discussing a person, not a bicycle. Defendant asked "how it rides," requested pictures, asked "is a f or m" and said "Awesome" when "J." answered that the bicycle was "13f." Defendant acknowledges that "13f" meant a thirteen-year-old female, and that he was knowingly engaging in online communications regarding engaging in sexual acts with a thirteen-year-old girl.

From October 3, 2017, through October 18, 2017, Defendant exchanged numerous text messages with "J." Among other things, Defendant confirmed that he was "very interested" and that although he had never done this kind of thing before, he "always dream about it." Defendant said that he did not really know the steps involved in

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 5

meeting a child for sex, but that he "really would love to go meet," preferably in Spokane rather than the Tri-Cities, and told "J." "I wish I was as lucky as you, I bet she has nice underwears." Defendant also confirmed that he had his own private room, and that his roommates were "usually never here."

Defendant and "J." exchanged numerous messages regarding what Defendant was going to give "K." for sex; Defendant told "J." he did not want to name a "number that will insult you guys" but that he could "give her something for her expenses." "J." explained that because she was a thirteen-year-old girl, "K." did not have "expenses." Defendant confirmed that he would "treat her very good, like a good Princess that she is." "J." told Defendant that he had to be "prepared to make it worth her time and she cant get preg," to which Defendant responded "yeah I wouldn't want her to get preg either, I would make her time very worth it!" Defendant agreed to meet "J." at a coffee shop near the local university, but said "hey man being totally honest with you, I don't have that kind of cash laying there." "J." asked Defendant if he had "anything to offer her?" and told Defendant that she played video games. Defendant replied "Sweet I have a ps3 I could give her some games? Some cash and of course being super nice and great to her." Defendant acknowledges that this offer constituted an attempt to engage in a commercial sex act, because he was prepared to exchange a thing of value for sex with the girl; namely, the Playstation games.

"J." gave Defendant "the rules" for sex with "K.," which were no anal sex, no pregnancy, and Defendant had to stop if "K." asked him to. Defendant confirmed: "OK definitely no anal and I wouldn't do anything she doesn't. I'm super discrete and I want to believe you guys are the real deal but I have my doubts too, and yes I wish we were past this too lol." Defendant also told "J." that "I feel if I have daughters I would be [cautious], we don't need the government to babysitter us, we should raise our family how we want."

<u>Defendant's Online Communications With The Purported Girl Herself</u>

"J." offered Defendant the opportunity to communicate via text messages directly with "K.," the purported thirteen-year-old girl. In fact, the same undercover officer was playing the roles of both "J." and "K." Defendant told "J." I want for her to know me and see what she thinks of me, then go from there, I want to hang with her and she can decide what she wants to do" and that he would be "very respectful."

When Defendant began chatting with "K.," they discussed whether Defendant's penis was "big" or "standard size" because "K." was concerned about getting hurt. "K." asked for a picture of Defendant's penis, but Defendant demurred. Defendant told "K." "I want you to get to know me and vice-versa, then we can figure out a bit from us, I won't push anything, just want to see what's up with you." When "K." accused Defendant of playing games and judging her, Defendant confirmed that he was "Down for anything too, no into piss, poop, or pain. Just some good ole fun" and that he was "into normal sex I guess?" Defendant and "K." discussed Playstation games, and Defendant confirmed "I could give you a bunch of ps3 games, they are brand new, I don't use them much." When "K." said that "u no that even if u give me PS3 games it's not for weird stuff. Only normal," Defendant agreed "OK sounds good to me." Defendant also told "K." to "have a good day at school."

<u>Defendant Shows Up In Person To Meet The Girl's Purported Father</u>

At an arranged time on October 18, 2017, Defendant traveled to meet "J." at a Starbucks coffee shop near Gonzaga University, and showed up in person to meet "J." Defendant did not have condoms or Playstation games with him, but he told "J." that "K." could come back to Defendant's apartment where he had condoms and "K." could choose from his Playstation games. Defendant also told "J." that he could turn the volume up on the television in his room to ensure that his roommates would not hear him having sex with "K." Finally, Defendant recited "the rules," back to "J," including that Defendant would not get "K." pregnant and he would not engage in anal sex with her.

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 7

Defendant acknowledges that showing up to meet "J." at the arranged location and time, for the purpose of engaging in sex with "K." was a substantial step in furtherance of his attempt to entice "K." to engage in illegal sexual activity, and that giving "K." Playstation video games in exchange for engaging in sexual activity with her would constitute a commercial sex act in violation of federal law. Defendant acknowledges that he travelled in interstate commerce for the dominant purpose of engaging in commercial sex with "K.," a person he believed to be 13 years old.

7.    The United States Agrees To Dismiss and Not File Additional Charges:

The United States agrees not to pursue the charges in the Indictment filed on November 7, 2017, charging Defendant with Attempted Child Sex Trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), 1594(a), carrying a mandatory minimum sentence of 15 years of incarceration, and Attempted Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), carrying a mandatory minimum sentence of 10 years of incarceration. The United States agrees not to further criminally prosecute Defendant for Attempted Production of Child Pornography, in violation of 18 U.S.C. § 2251, or the Attempted Transportation, Distribution, Receipt, Possession, and/or Access With Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A, arising from Defendant's conduct prior to November 7, 2017. However, Defendant understands that the United States may criminally prosecute him for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement.

8.    United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine his sentencing guideline range at the time of sentencing.

    a.    Base Offense Level:

The United States and Defendant agree that the base offense level for Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), is 24. See U.S.S.G. § 2G1.3(a)(4).

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 8

b.    Specific Offense Characteristics:

The United States and Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the use of a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor. See U.S.S.G. § 2G1.3(b)(3)(B).

The United States and Defendant also agree and stipulate that the base offense is increased by an additional two (2) levels because the offense involved the commission of a sex act and a commercial sex act. See U.S.S.G. § 2G1.3(b)(4)(A) and (B).

c.    Enhancement Under Section 4B1.5(b):

The United States and Defendant agree that Defendant's Offense Level is increased by an additional five (5) levels under U.S.S.G. Section 4B1.5(b). The United States and Defendant agree that (1) Defendant's offense of conviction is a "covered sex crime" because it is a violation of 18 U.S.C. § 2423(b), which arises under Chapter 117 of the United States Code, not including transmitting information about a minor or filing a factual statement about an alien individual, and (2) Defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor by engaging on at least two occasions in conduct that would qualify as an offense described in 18 U.S.C. § 2426(b)(1)(A), that is, Attempted Online Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), which arises under Chapter 117 of the United States Code, and Attempted Child Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), 1594(a), which arises under Section 1591. See U.S.S.G. § 4B1.5(b)(1), Application Notes 1, 2, and 4, and 18 U.S.C. § 2426(b)(1)(A).

d.    Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this Agreement for filing with the court on or before January 22, 2019, the United States will move for a three (3)

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 9

level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).  Defendant and the United States agree that upon written notice to Defendant, the United States may elect not to recommend a three-level reduction for acceptance of responsibility if, between the entry of Defendant's guilty plea and the imposition of sentence in this case, he is charged or convicted of any criminal offense or if he tests positive for any controlled substance.

The United States and Defendant agree that Defendant's final adjusted offense level is 30.

e.     Criminal History:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately his criminal history category will be determined by the Court after review of the Presentence Investigative Report.  The United States and Defendant have no agreement and make no representations as to the criminal history category, which will be determined after the Presentence Investigative Report is completed.

9.     Departures:

The United States and Defendant agree that there are no aggravating or mitigating factors with respect to the correct calculation of Defendant's sentencing range under the United States Sentencing Guidelines.  That is, the United States and Defendant will each take the position at sentencing that Defendant's final adjusted offense level is level 30 and will not seek or argue for adjustments to this offense level calculation.  Defendant reserves the right to argue for a below-Guidelines sentence pursuant to the factors set forth at 18 U.S.C. § 3553(a).

10.     Substantial Assistance:

Defendant understands that the United States will not move for a downward departure, variance, or reduction based on Substantial Assistance under U.S.S.G. § 5K1, and Defendant agrees not to argue for, or seek a sentencing variance or reduction for, any substantial assistance to the United States.

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 10

11.   Terms of Imprisonment and Supervised Release:

The United States will seek and recommend a sentence no higher than 121 months. Defendant may seek and recommend any legal sentence. The United States and Defendant will each recommend a term of 20 years of supervised release.

12.   Conditions of Supervised Release:

The United States and the Defendant agree to recommend that the Court impose a 20-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release, and the standard conditions of supervised release for sex offenders:

a.   Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

b.   The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c.   Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation

Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

13. Criminal Fine:

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

14. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

15. Payments While Incarcerated:

If Defendant is incarcerated and lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. Restitution

The United States and Defendant are free to make whatever recommendation concerning the imposition of restitution that they believe is appropriate.

17. Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title, and interest he has in all assets identified herein and in the Information Superseding Indictment, and hereby agrees to execute any and all forms and pleadings necessary to effectuate forfeiture of such assets.

In this case, those assets consist of: one black HTC cellular telephone, model number 2PYB2 (hereinafter, "the asset").

1  Defendant stipulates that he is the sole owner of the asset identified herein and

2  that no one else has an interest in the asset.

3  Defendant acknowledges that the asset listed above that Defendant is agreeing to

4  forfeit is subject to forfeiture pursuant to 18 U.S.C. § 2428, as property used or intended

5  to be used in any manner or part to commit or to facilitate Defendant's Travel with

6  Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b).

7  .   Defendant agrees to take all steps as requested by the United States to pass clear

8  title to the asset to the United States, and to testify truthfully in any forfeiture

9  proceeding.

10  Defendant agrees to hold all law enforcement agents/officers, and the United

11  States, its agents, and its employees harmless from any claims whatsoever arising in

12  connection with the seizure and forfeiture of any asset covered by this agreement.

13  Defendant waives further notice of any federal, state or local proceedings

14  involving the forfeiture of the seized asset that he has agreed to forfeit.

15  Defendant further agrees to waive all constitutional, equitable and statutory

16  challenges in any manner (including direct appeal, habeas corpus, or any other means) to

17  any forfeiture carried out in accordance with this Plea Agreement on any grounds,

18  including that the forfeiture constitutes an excessive fine or punishment.

19  Defendant knowingly and voluntarily waives his right to a jury trial on the

20  forfeiture of the asset.

21  Defendant waives oral pronouncement of forfeiture at the time of sentencing, and

22  any defects that may pertain to the forfeiture.

23  18.   Additional Violations of Law Can Void Plea Agreement:

24  Defendant and the United States agree that the United States may at its option and

25  upon written notice to Defendant, withdraw from this Plea Agreement or modify its

26  recommendation for sentence if, between the entry of Defendant's guilty plea and the

27  imposition of sentence in this case, Defendant is charged or convicted of any criminal

28  offense or if Defendant tests positive for any controlled substance.

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 13

19.   Waiver of Appeal Rights and Collateral Attack:

Defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal his sentence. Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal Defendant's conviction and sentence, including but not limited to an express waiver of appeal of challenges to the terms of this Plea Agreement, Defendant's guilty plea, venue, and statute of limitations.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's mental competence, plea, conviction, and/or sentence, including motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

If Defendant successfully moves to withdraw or vacate Defendant's plea, dismiss the underlying charges, or reduce or set aside Defendant's sentence on the count to which Defendant is pleading guilty, then: (1) this Agreement shall become null and void; (2) the United States may prosecute Defendant on any count to which Defendant has pleaded guilty; (3) the United States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement; (4) the United States may file any new charges that would otherwise be barred by this Agreement; and (5) the United States may prosecute Defendant on all available charges involving or arising from the incidents charged in the Indictment. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision, including Double Jeopardy claims for any federal charges, as well as any objections Defendant might have based on the passage of time with respect to any federal charges, statutes of limitation, the Speedy Trial Act, or the Speedy Trial Clause of the Sixth Amendment. Defendant waives his right to appeal any fine, Special Assessment, or the

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 14

1   terms or conditions of supervised release imposed by the Court.  Nothing in this

2   Agreement shall preclude the United States from opposing any post-conviction motion

3   for a reduction of sentence or other attack of the conviction or sentence, including, but

4   not limited to, proceedings pursuant to 28 U.S.C. § 2255.

5       20.   Notice of Sex Offender Registration:

6       Defendant has been advised and understands, that as a convicted sex offender,

7   under the Sex Offender Registration and Notification Act, a federal law, he must, if he

8   resides in the United States, register and keep the registration current in each of the

9   following jurisdictions: the location of his residence, the location of his employment;

10  and, if he is a student, the location of his school.  Registration will require that

11  Defendant provide information that includes name, residence address, and the names and

12  addresses of any places at which he is or will be an employee or a student.  Defendant

13  understands that he must update his registrations not later than three business days after

14  any change of name, residence, employment, or student status.  Defendant understands

15  that failure to comply with these obligations subjects him to prosecution for failure to

16  register under 18 U.S.C. § 2250, which is punishable by a fine, imprisonment, or both.

17      21.   Integration Clause:

18      The United States and Defendant acknowledge that this document constitutes the

19  entire Plea Agreement between the United States and Defendant, and no other promises,

20  agreements, or conditions exist between the United States and Defendant concerning the

21  resolution of the case.  This Plea Agreement is binding only on the United States

22  Attorney's Office for the Eastern District of Washington, and cannot bind other federal,

23  state or local authorities.  The United States and Defendant agree that this Agreement

24  cannot be modified except in a writing that is signed by the United States and Defendant.

25  ///

26  ///

27  ///

28  ///

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 15

1

Approvals and Signatures

2          Agreed and submitted on behalf of the United States Attorney's Office for the

3    Eastern District of Washington.

4    Joseph H. Harrington
     United States Attorney
5

6                                                                    1/22/2019

7    David M. Herzog                          Date
     Assistant U.S. Attorney

8

9          I have read this Plea Agreement and have carefully reviewed and discussed every

10   part of the agreement with my attorney.  I understand and voluntarily enter into this Plea

11   Agreement.  Furthermore, I have consulted with my attorney about my rights, I

12   understand those rights, and I am satisfied with the representation of my attorney in this

13   case.  No other promises or inducements have been made to me, other than those

14   contained in this Plea Agreement and no one has threatened or forced me in any way to

15   enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.

16

17   Juan Vazquez-Gonzalez                    01 · 22 - 19
     Defendant                               Date

18

19         I have read the Plea Agreement and have discussed the contents of the agreement

20   with my client.  The Plea Agreement accurately and completely sets forth the entirety of

21   the agreement between the parties.  I concur in my client's decision to plead guilty as set

22   forth in the Plea Agreement.  There is no legal reason why the Court should not accept

23   Defendant's plea of guilty.

24

25   Andrea George, Federal Defender          01 - 22 - 19
                                             Date
26   Attorney for Defendant

27

28

VAZQUEZ PLEA – TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEX – 16