

Andrea K. George
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Juan Vazquez-Gonzalez

# United States District Court
## Eastern district of Washington

| | |
|---|---|
| United States,<br><br>Plaintiff,<br><br>v.<br><br>Juan Vazquez Gonzalez,<br><br>Defendant. | No. 17-CR-209-SMJ<br><br><br>Response to Government's Sentencing Memorandum |

1

## I.   SENTENCE COMPARISONS

2   The danger with sentence comparisons in these types of cases, is that far too

3   often it is the prosecutor, not the §3553(a) factors, that drives the sentence.  Various

4   statutes contain the same offense behavior, some of which carry mandatory

5   minimums, some of which do not.  So one must ask, is the sentence the product of a

6   mandatory minimum?  Or, is the prosecutor controlling the terms of an 11(c)(1)(C)

7   plea in return for a non-mandatory minimum charge?  Is the prosecutor agreeing to

8   drop the mandatory minimum charge in return for agreed upon, albeit questionable

9   Guideline enhancements?  Or, is the sentence truly the product of weighing the

10   Guidelines with the §3553(a) factors?  In all cases where a mandatory minimum

11   statute is charged, the Government has the power to manipulate charges and plea

12   agreements to dissipate the power of the §3553(a) factors.

13   The Government has presented a chart and compared four other cases to

14   argue a 120-month sentence is consistent with Mr. Vazquez's offense conduct and

15   necessary to avoid unwarranted sentencing disparity.  In this statement, the

16   Government fails to address the charge and plea agreement manipulations.

17   The Government states "[b]ut in this District, Defendants who engage in the

18   same or similar conduct as Defendant Vazquez-Gonzalez – arranging and then

19   showing up to engage in a commercial sexual act with a child – routinely receive

1    sentences of 120- months and higher." This argument fails on several grounds. In

2    some of the cases, the judges had no choice but to sentence the mandatory

3    minimum. Thus it was not the conduct, but the mandatory minimum that drove the

4    sentence. In other cases, the defendant had to agree to a specific Guideline range in

5    order to have the mandatory minimum charge dropped. Thus, again, it was not the

6    offense conduct, but rather the dropped mandatory minimum and Government-

7    driven 11(c)(1)(C) agreement that drove the sentence. And, in other cases, the

8    defendants had committed far more egregious behavior and it was that additional

9    behavior that drove the sentence.   Thus, the Government's argument is flawed.

10   **A.    The Government's chart and four other cases**

11        The Government presents a chart and compares four other individual cases to

12   Mr. Vazquez. There is no comparison. There is only contrast.

13

| Defendant | Case | Conviction | Custodial Sentence | Supervised Release |
|---|---|---|---|---|
| Jerry Lindsey, Jr. | 16-06023-RMP | Attempted Enticement of a Minor | 120 months | 5 years |
| Thomas Lafontaine | 15-06017-EFS | Attempted Enticement of a Minor | 120 months | 25 years |
| John Heath | 15-06013-EFS | Transfer of Obscene Materials (Attempted Enticement of a Minor dismissed as part of plea) | 96 months | 3 years |
| Felix Diaz | 15-06004-SMJ | Attempted Enticement of a Minor | 84 months (after 5K) | 10 years |
| Timothy Shelly | 09-00089-RHW | Coercion of a Minor / Travel with Sexual Intent | 144 months | lifetime |

1

**1.      Defendants sentence based on a mandatory minimum**

2

        **a.**     *United States v. Lindsey*

3

He did receive a 120-month sentence.  Jerry Lindsey proceeded to trial and

4

was found guilty by a jury.  Judge Peterson was constrained by a mandatory

5

minimum 120-month term of imprisonment.  The sentence was not based on the

6

conduct, but rather because the prosecutor chose to proceed on a charge with a

7

mandatory minimum sentence.  It was the prosecutor, not the §3553(a) factors that

8

drove the sentence.   In imposing sentence, Judge Peterson put on the record she

9

thought the sentence was too long.

10

11

12

13

14

15

```
    Regarding the need to avoid unwarranted sentencing
disparities, there again, because Congress has imposed such a
strict mandatory minimum, they are dictating this, regardless of
the case.  Once the Government decides to choose to charge this
crime, everything else is out of the Court's hands.
    So, finally, I am supposed to impose a sentence that is
sufficient but no greater than necessary.  I find that a
120-month sentence is greater, but I have no legal ability to
sentence below there, so I will sentence you to the 120 months
of custody; five years of supervised release with the standard
```

16-cr-06023-RMP, ECF 132, at 27

16

        **b.**     *United States v. Rosier*

17

He too was sentenced to 120 months.  Like Judge Peterson in *Lindsey*, Judge

18

Shea in *Rosier* was constrained by a ten-year mandatory minimum sentence.  That

19

prosecutor tied the court's hands from considering the §3553(a) factors for a below

Response to Government's Sentencing Memorandum
– 3 –

1   Guideline/mandatory minimum sentence.  The sentence was driven by the

2   mandatory minimum, not the offense conduct.

3        **2.**        **Defendants with prior or pending child sex offenses**

4           **a.**      *United States v. Lafontaine*

5       Mr. Lafontaine received a 120-month sentence.  He has two prior convictions

6   for first degree rape and first degree child molestation.  And, during the offense of

7   conviction, he also was found communicating in a sexually explicit manner with at

8   least three other juveniles.

> The circumstances of the offense involve Defendant's attempting to entice a minor and meet with her for sex. Defendant engaged in sexual misconduct against children previously and was involved in similar misconduct with other children at the time of the instant offense.
>
> Defendant maintains a prior juvenile convictions for First Degree Rape of a Child and First Degree Child Molestation. ECF No. 37 at ¶¶ 64-75. The offenses involved touching the genitalia of one minor (age 7) under the clothing and vaginal sexual intercourse with the other minor (age 9).
>
> At or near the time of the instant offense, Defendant was communicating on Facebook, using a fictitious profile of a 17 year old named Dirk Digger.  ECF No. 37 at ¶ 34. He used the profile to communicate with his 15 year old step daughter's friend. ECF No. 37 at ¶ 34. The friend was 14 years old.  ECF No. 37 at ¶ 34.

15-cr-06017-EFS, Gov't Sentencing Memo, ECF 39, at 5.

> Defendant also communicated with a 12 year old over Facebook, sending her a photo of an erect penis and asking her questions about her vagina. ECF No. 37 at ¶ 40.  He explained how he would perform oral sex on the child, to which she responded, "I'm only 12."  ECF No. 37 at ¶ 40.  Defendant responded that the

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

### b.   *United States v. Heath*

Mr. Heath received a sentence of 96 months.  Not only does he have prior convictions for third degree rape of a child and third degree child molestation, as part of his offense behavior on his federal charge, he asked the juvenile female to take a photograph of her naked genitalia and he sent her a photo of his naked penis.

> The communications continued until April 2, 2015, and revealed the Defendant's grooming behavior and his intent to have sexual contact with UC in Richland, Washington.  During that time, the Defendant requested the UC take nude photos of her vagina.  On March 1, 2015, the Defendant emailed the UC a video that showed the penis of an adult male.  The Defendant emailed the UC a similar video the next day.

*See,* 15-cr-06013, Gov't Sentencing Memorandum, ECF 41, at 5

### c.   *United States v. Diaz*

Mr. Diaz received a sentence of 84 months.  During the offense of conviction, Franklin County was investigating Mr. Diaz for a hands-on sex offense with his juvenile foster child.  The parties negotiated a global resolution.

> **13.   State Prosecution**
>
> At the time of the instant investigation, Defendant was also being investigated by Franklin County for alleged sexual misconduct with T.M., a foster child who was in Defendant's care.  Franklin County has agreed not to pursue a prosecution for that misconduct if this plea agreement recommending 84 months imprisonment is accepted.

15-cr-060004-SMJ, plea agreement, ECF 39, at 13

1

### d.    *United States v. Holden*

2  Mr. Holden received a 240-month sentence.  This was a downward variance

3  from his life Guideline.  As part of a global resolution with Benton and Spokane

4  Counties, Mr. Holden agreed to plead guilty to attempted enticement of a minor;

5  two counts of production of child pornography with two different victims; one count

6  of attempted production of child pornography with a third victim.  The global

7  resolution contemplated his plea to two counts of attempted rape of a child in

8  Benton County.

9

### e.    *United States v. Allison*

10  Mr. Allison received a 135-month sentence.   During a polygraph examination,

11  Mr. Allison admitted to a number of hands-on offenses.

12

> In a subsequent polygraph examination, Defendant admitted to a number of
> contact offenses and other child exploitation conduct.  (ECF No. 39, ¶¶ 43-51.)
> Defendant again admitted that he had a sexual interest in children, and had for some
> time; in particular, Defendant acknowledged that he was sexually attracted to his 10-
> year-old stepdaughter.  (*Id.*)  While Defendant was discussing his sexual attraction to her
> small breasts, detectives observed Defendant fondling and pinching his own nipples,
> seemingly oblivious to the fact that he was doing so.  (*Id.*)  Defendant admitted that he

17-cr-06044-SMJ, United States' Sentencing Memorandum, ECF 40, at2

### 3.    Defendants who either sent naked pictures of themselves or had the victims send naked pictures of themselves

#### a.    *United States v. Guthmiller*

Guthmiller, like Heath, requested the victim send him a naked picture, an offense which carries a mandatory minimum fifteen years imprisonment.

> On August 3, 2016, Defendant also attempted to convince "Steph" to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct and sending it to him: "Get a camera phone already i want a dirty pic ;)". When "Steph" asked, "Of what", Defendant answered, "Id be happy with anything dirty lol". Steph emailed, "Well what" and Defendant told her, "Pussy, ass or boobs". Defendant also

17-cr-06034, Plea Agreement, ECF 32, at 6

Guthmiller's sentence is also the product of tied hands. He was originally indicted on a charge carrying a ten-year mandatory sentence under §2422(b) attempted enticement of a minor. The prosecutor had Guthmiller between a rock and a hard place – he had to agree to an 11(c)(1)(C) range before the prosecutor would drop the mandatory minimum and file an Information Superseding Indictment. *See,* ECF 31. In other words, the prosecutor drove the sentence, not the §3553(a) factors.

#### b.    *United States v. Timothy Shelly*

Mr. Shelly received a 144-month sentence. He met a juvenile in a chat room. They began extensive dialogue. Shelly then flew from Michigan to Eastern Washington to have sex with the juvenile. He met with the child and actually had

1  sex with her.  When the offense was uncovered, law enforcement searched Shelly's

2  computer and found thousands of images of the victim.  Seven hundred images

3  showed her exposed vagina.

> A forensic analysis was performed by the FBI Seattle CART on the
> Defendant's computer and the two computers obtained from the victims residence.
> The forensic analysis revealed  numerous e-mails and chat sessions between
> Timothy Shelly and the minor victim on the computer hard drives.  The first chat
> recovered is dated April 16, 2005 and the last chat recovered was on September 7,
> 2005.  The forensic analysis also revealed thousands of images of the victim on
> the Defendant's computer.  The minor was naked in many of these images  and her
> vaginal area was exposed in over 700 of these images.  Some of these images
> depicted the minor inserting an object inside her vagina.  Over 700 images of the
> minor are child pornography as defined by federal law.

09-00089-RHW, Gov't memo in opposition to defendant's appeal of magistrate's order of detention, ECF 37, at 7

10       This additional information is what drove the sentences.  None of the

11  aggravating factors exist in Mr. Vazquez's case.  He has no prior convictions, let

12  alone prior convictions or pending charges against children (Lafontaine, Heath,

13  Holden, Allison); he did not ask for a naked picture (Guthmiller, Heath, Holden),

14  let alone 700 hundred nude photos (Shelly); he refused to send a picture of his penis

15  to a juvenile female (Heath); he did not have a concurrent state investigation

16  involving the sexual molestation of a foster daughter (Diaz).  And here, unlike

17  *Lindsey* and *Rosier,* the Government has given the Court full power to consider all of

18  the §3553(a) by allowing Mr. Vazquez to plead to a non-mandatory minimum

19  charge.  There is no comparison, only contrast.

1

2    Contrast the above cases to those in Idaho.  In these Craigslist type sting

3    cases, the Government consistently charges under non-mandatory minimum

4    statutes.  The Defendants are not forced into an 11(c)(1)(C) range or agree to

5    manufactured Guideline enhancements and the judges are free to consider all of the

6    §3553(a) factors to determine the appropriate sentence.  Idaho judges consistently

7    impose sentences well below ten years.  *See, United States v. Magana*, 18-cr-00132-

8    DCN (D. Id, 2018) 60 months; *United States v. Luna*, 18-cr-00133-BLW (D. Id,

9    2018) 60 months; *United States v. Baker,* 18-cr-00129-BLW (D. Id, 2018) 60

10   months; *United States v. Jason Kitley,* 18-cr-00130-BLW (D. Id, 2018) 60 months;

11   *United States v. Van Orsow,* 17-cr-00246-DCN (D. Id, 2017) 37 months.

12       There is sentencing disparity alright – disparity in how cases are handled.  But

13   here, this Court has full power to consider all of the §3553(a) factors.

14   **B.    The Government is punishing Mr. Vazquez for not accepting an
          11(c)(1)(C) agreement of 87 months**

15       In its sentencing memorandum, the Government informs the Court: "[t]he

16   United States has maintained its position throughout this case that an appropriate

17   sentence for Defendant is between the 10-year mandatory minimum sentence

18   applicable to the attempted online enticement conduct in which he engaged, and the

19

RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM
– 9 –

15-year mandatory minimum sentence applicable to the attempted child sex

trafficking conduct in which he also engaged." (ECF 92, at 2)  Not true.  In an email

to counsel dated May 24, 2018, at 11:39 a.m., the Government wrote:

> gainst this backdrop, I continue to believe that an 87-month sentence is fair and appropriate for Mr. Vazquez, particularly when it is evaluated against the 10 and 15 year mandatory minimum exposures he faces.  I suppose I could have offered a plea at the 120 month mandatory minimum and let you argue me down to 87 months to get to this same place, but I prefer to just make an offer at the actual number that I think is appropriate.  I know you'll need to talk to him about this email, and I want to give you a few days to do that.  My expert disclosures are due on June 4, and I'll need a

Why the change from 87 to 120?  It is not the offense conduct.  This is the

penalty for rejecting the 11(c)(1)(C) offer.

## II.    Conclusion

The danger with sentence comparisons is that far too often it is the

prosecutor, not the §3553(a) factors, that drives the sentence.  This Court has the

power to think beyond the mandatory minimums, and balance the Guidelines with

the §3553(a) factors.  This Court's hands are not tied and can impose a sentence

sufficient, but not greater than necessary to meet those factors within §3553(a).

Dated:          August 27, 2019                    Respectfully submitted,

                                                   *s/Andrea K. George*

                                                   Andrea K. George, MN 202125
                                                   10 North Post Street, Suite 700
                                                   Spokane, Washington   99201
                                                   t: (509) 624-7606
                                                   f: (509) 747-3539
                                                   andrea_george@fd.or

## SERVICE CERTIFICATE

I certify that on August 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys:  David Herzog.

                                                   *s/Andrea K. George*

                                                   Andrea K. George, MN 202125
                                                   10 North Post Street, Suite 700
                                                   Spokane, Washington 99201
                                                   t: (509) 624-7606
                                                   f: (509) 747-3539
                                                   Andrea_George@fd.org